UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>THOMAS B THOMPSON,<br><br>                                  Debtor. | Case No. 19 BK 06176<br><br>Chapter 13<br><br>Hon. Jack B. Schmetterer |

### MEMORANDUM OPINION ON:
### (1) DEBTOR'S MOTION TO REDEEM PROPERTY TAXES AND MOTION TO APPROVE DEBTOR TO PAY COOK COUNTY [DKT. NOS. 98 & 100];
### (2) NEWLINE HOLDINGS, LLC'S OBJECTION TO CONFIRMATION OF PLAN [DKT. NO. 92]; AND
### (3) NEWLINE HOLDINGS, LLC'S MOTION TO DISMISS [DKT. NO. 90]

Debtor Thomas Thompson ("Debtor") now moves to redeem past due property taxes directly to the Cook County Clerk. In turn, Creditor Newline Holdings, LLC ("Creditor") objects to confirmation of Debtor's Chapter 13 Plan and moves to dismiss for unreasonable delay. For reasons articulated below, separate orders will be entered concurrently herewith:

1. **DENYING** Debtor's Motion to Redeem Property Taxes;
2. **DENYING** Debtor's Motion to Approve Debtor to Pay Cook County;
3. **SUSTAINING** Creditor's Objection to Confirmation of Plan; and
4. **DENYING** Creditor's Motion to Dismiss.

### BACKGROUND

Creditor asserts an interest in the property known as 619 N. 4th Ave., Maywood, IL ("Debtor's Property") as it purchased delinquent property taxes for Debtor's Property for the tax year of 2014 at the Cook County Collector's annual tax sale. [Dkt. No. 41]. Thereafter, Creditor purchased unpaid property taxes for the tax years of 2015, 2016, and 2017 on Debtor's Property as well. [Dkt. No. 41]. By statute, Debtor was entitled to redeem the tax sale by December 6, 2018. That deadline was extended, by Creditor, to March 11, 2019. Debtor did not redeem the tax sale by the deadline. Instead, Debtor filed the present bankruptcy case (the "Bankruptcy Case") on March 7, 2019. [Dkt. No. 1]. But, because Debtor did not provide notice of the bankruptcy to Creditor, Creditor proceeded ahead with its action for a tax deed before the Cook County Circuit Court. [Dkt. No. 1 & 41]. However, before the tax deed was issued, Creditor then discovered the existence of the present Bankruptcy Case that was filed just days before the redemption period expired. [Dkt. No. 41].

Because Debtor did not provide notice of the plan or bar date to Creditor, Debtor's original Chapter 13 Plan, which did not account for Creditor's claim, was confirmed. [Dkt. No. 36]. An

1

Order was later entered vacating confirmation of that Plan. [Dkt. No. 47]. Creditor then filed a Proof of Claim for $194,000.00, consisting of $27,055.26 secured by its certificate of purchase (the "Secured Tax Portion") and $164,944.74 unsecured based on the value of Debtor's Property (the "Unsecured Portion").

Debtor then filed an amended Plan and an Objection to Creditor's Proof of Claim. [Dkt. Nos. 51 & 67]. Creditor filed a Motion to Annul the Automatic Stay and an Objection to the Amended Plan. [Dkt. Nos. 40 & 55]. After evidentiary hearings were held, Orders were entered:

1. Denying Creditor's Motion to Annul the Automatic Stay [Dkt. No. 81];
2. Overruling Creditor's Objection to the Amended Plan [Dkt. No. 74]; and
3. Overruling Debtor's Objection to Creditor's Proof of Claim [Dkt. No. 80].

Upon the ruling that Debtor's Objection to its Proof of Claim was overruled, Creditor then renewed its Objection to the amended Plan as the amended Plan only listed the Secured Tax Portion at 12% interest payable to Creditor and did not treat the Unsecured Portion. [Dkt. No. 84]. An Order was entered sustaining Creditor's Objection. [Dkt. No. 86]. Afterwards, Debtor filed the present, December 4, 2019, Amended Plan (the "Present Plan"). [Dkt. No. 87]. The Present Plan now states that payment of the Secured Tax Portion is to go to the Cook County Clerk and not to Creditor. Furthermore, the Present Plan states that Creditor's claim will be disallowed upon payment of the Secured Tax Portion. The Present Plan does not provide for payment to Creditor. In response, Creditor filed an Objection to the Present Plan and a Motion to Dismiss for Failure to Propose a Confirmable Plan (the "Motion to Dismiss"). [Dkt. Nos. 90 & 92]. In turn, Debtor filed a Motion to Redeem Property Taxes (the "Motion to Redeem") and a Motion to Approve Debtor to Pay Cook County (the "Motion to Pay Cook County"). [Dkt. Nos. 98 & 100].[1] Creditor filed a Response to Debtor's Motions. [Dkt. No. 101].

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157 and 28 U.S.C. § 1334, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (L).

---

[1] The filed Motions are identical, and the relief requested in each Motion requests authorization allowing both Debtor to redeem the past due taxes and Debtor to pay the Cook County Clerk directly.

2

## DISCUSSION

### A. Debtor's Motion to Redeem

In his Motion to Redeem, Debtor argues that where a Chapter 13 case is filed before the expiration of the redemption period, the debtor/taxpayer has additional time to pay the delinquent taxes through the Chapter 13 Plan, even after the expiration of the redemption period, citing *In re LaMont*. 740 F.3d 397 (7th Cir. 2014). Debtor also asserts that the claim/lien that the tax purchaser asserts is contingent upon the debtor owing the Cook County Clerk, and upon payment of the taxes by the debtor to the Cook County Clerk, any claim that the tax purchaser has is disallowed. Accordingly, Debtor argues, once the taxes of the Secured Tax Portion is paid and redeemed, the Unsecured Portion should be disallowed.

Debtor's argument misapplies *LaMont*. In *LaMont*, the Seventh Circuit held that when a Chapter 13 plan is filed prior to the expiration of the redemption period, under 11 U.S.C. § 1322(b)(2), a tax purchaser's claim may be treated and modified under a Chapter 13 plan. *Id.* at 400. Therefore, Debtor's claims that the Secured Tax Portion of Creditor's claim may be treated in his Chapter 13 Plan is correct (and which Creditor does not dispute).

However, Debtor's argument that the Unsecured Portion is contingent upon the Secured Tax Portion still owing, and thereby which can be extinguished upon payment of the secured portion to the Cook County Clerk even after the redemption period has passed, is without basis. As specifically stated by the Seventh Circuit in *LaMont*, "before the redemption period has expired, a property subject to a Certificate of Purchase still belongs to the delinquent taxpayer, legally and equitably," but after the redemption period passes, "the taxpayer cannot redeem the property." 740 F.3d at 401, 406. Unlike what Debtor is implying, the automatic stay provision of 11 U.S.C. § 362(a) does not toll the running of the redemption period. *See Goldberg v. Tynan*, 773 F.2d 177, 179 (7th Cir. 1985); *LaMont*, 740 F.3d at 410 ("[O]ur holding does not toll the redemption period [during bankruptcy]. The redemption period expires when it expires.").[2]

In this case, the redemption period expired on March 11, 2019. Debtor did not redeem before the period ran. Debtor can no longer redeem, except with Creditor's agreement to extend

---

[2] What may be tolled in bankruptcy, however, is the tax purchaser's one year time period to apply for a tax deed. *See* 35 ILCS 200/22–85 (period is tolled if purchaser is prevented from obtaining a deed by injunction or order of any court).

3

the period of redemption (which Creditor has stated it will not agree to here). *See* 35 ILCS 200/21–385.

### B. Debtor's Motion to Pay Cook County Clerk

In his Motion to Pay Cook County Clerk, Debtor argues that the proper party to receive the Secured Tax Portion is the Cook County Clerk. Additionally, Debtor states that because the Cook County Clerk will not accept payments of taxes from the Chapter 13 Trustee without an order, Debtor requests an order allowing the Clerk to accept the payment directly from himself. The Cook County Clerk is not a party to this proceeding, but Debtor seeks to have it bound by such order here anyway.

Debtor provides no authority demonstrating that the Cook County Clerk ought to be paid directly instead of Creditor. It is undisputed that Creditor purchased the taxes assessed to Debtor's Property and obtained a Certificate of Purchase. Debtor did not, and does not, dispute the validity or the amount of the Certificate of Purchase. Debtor's argument seems to be based on the fact that when bankruptcy is not involved, under Illinois law, a tax purchaser has no direct right to payment from the taxpayer but rather an indirect right to payment mediated by the county. *Id.* at 406. But, in terms of bankruptcy law, because the tax purchaser holds a right to: (1) payment from the property of the taxpayer; and (2) the county's equitable remedy against the property, the tax purchaser holds a claim against the debtors that may be treated in bankruptcy. *Id.* at 408-09. Therefore, Creditor is the holder of the claim and therefore has a secured *in rem* claim against Debtor's Property. *See LaMont*, 740 F.3d at 407 (holder of certificate of purchase has a secured claim against the property since the tax purchaser has a right to payment from the proceeds if the property is redeemed). In contrast, the Cook County Clerk's office merely holds a contingent proof of claim for the sold taxes (on a potential declaration of a sale in error or if the state court finds that the statutory requirements for a tax deed are not met). Accordingly, the proper party to be paid the Secured Tax Portion here would be Creditor, the tax purchaser.

### C. Creditor's Objection to Confirmation

Creditor argues that the Present Plan is unconfirmable as the Present Plan does not properly treat its claim but instead attempts to deny its Proof of Claim. Debtor's Objection to Creditor's Proof of Claim was earlier overruled. Creditor holds a valid proof of claim. *See In re Woodruff*, 600 B.R. 616, 620 (Bankr. N.D. Ill. 2019) (prepetition tax purchaser holds a perfected *in rem* claim against the property for the statutory redemption amount as well as a contingent, unperfected *in*

*rem* claim for the fair market value of the property minus the secured redemption claim amount). Debtor's Present Plan is based on his Motion to Redeem and Motion to Pay Cook County which are both without merit. Accordingly, the Present Plan, which calls for the disallowance of Creditor's Proof of Claim, is infeasible as it does not properly treat a valid proof of claim. *See* 11 U.S.C. § 1325(a)(4).

### D. Creditor's Motion to Dismiss

In its Motion to Dismiss, Creditor argues that the Bankruptcy Case should be dismissed as Debtor has been unable to propose a confirmable plan in six months. Creditor points out that since Debtor's original Plan was vacated, Debtor has not filed a modified plan incorporating a valid treatment of its claim. Accordingly, Creditor argues that dismissal is warranted since Debtor has obtained the protection of the automatic stay for that time period and has failed to promptly obtain confirmation and make payments to creditor as required.

A Chapter 13 petition may be dismissed for "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). Unreasonable delay occurs when a debtor has failed to take the necessary actions to obtain plan confirmation. *See Dempsey v. Carter (In re Dempsey)*, 2006 WL 3590191, at *8 (S.D. Ind. Dec. 8, 2006), *aff'd*, 247 F. App'x 21 (7th Cir. 2007). This is so because creditors are prejudiced when debtors obtain the protection of the automatic stay and fail to promptly obtain confirmation. *Id.*

However, it is undisputed that Debtor has attempted to obtain confirmation. When Debtor's original confirmed Plan was vacated, Debtor filed an amended Plan in two weeks. When Creditor's November 13, 2019 Objection to Confirmation was sustained on November 20, 2019, Debtor filed the Present Plan again within two weeks. Under these facts, while Debtor's (past and present) proposed Plans have not met confirmation requirements, Debtor's actions do demonstrate that he has proceeded on a timely manner, albeit on questionable legal theories. However, Debtor must accept the ruling that any proposed Plan must properly and fully treat Creditor's valid Proof of Claim. Accordingly, any further efforts by Debtor's counsel to disallow Creditor's claim and pursue arguments heretofore rejected may constitute unreasonable delay.

### CONCLUSION

For the foregoing reasons, separate orders will be entered concurrently herewith:

1. **DENYING** Debtor's Motion to Redeem as the redemption period has already passed and no extension of it is possible without Creditor's consent;

2. **DENYING** Debtor's Motion to Pay Cook County Clerk as the proper holder to be paid the Secured Tax Portion is Creditor, the tax purchaser;
3. **SUSTAINING** Creditor's Objection to Debtor's (December 4, 2019) Amended Plan as the Plan is not presently confirmable; and
4. **DENYING** Creditor's Motion to Dismiss to allow Debtor one final chance to file a confirmable Plan in accordance with all court rulings within 21 days hereof.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated   JAN 1 5 2020

6